IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SFR SERVICES, LLC,

      Plaintiff,

vs.                                                CASE NO.: 9:23-CV-81079-RLR

ARNESEN WEBB, PLLC d/b/a
ELEVATE LEGAL SERVICES, PLLC f/k/a
ARNESEN WEBB, P.A.,
JAY ARNESEN, and PARIS WEBB,

      Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A., JAY ARNESEN, and PARIS WEBB (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiff's Complaint [D.E. 1] because (1) Plaintiff's claim for declaratory relief improperly seeks an advisory opinion from this Court and asks this Court to impermissibly interfere with actions that are properly before the state courts and (2) because Counts II and III of Plaintiff's Complaint are improper shotgun pleadings which fail to provide Defendants with adequate notice of the claims brought against them in order to formulate a response. In support thereof, Defendants state the following:

## BACKGROUND

Plaintiff, SFR SERVICES, L.L.C., (hereinafter, "SFR"), is a single member LLC, and that single member is Ricky McGraw (hereinafter, "McGraw"). [D.E. 1 at ¶ 19]. Ricky McGraw is an expatriate of the United States, opting to seek residency in Puerto Rico for tax incentives and is claiming diversity of citizenship on that basis. SFR has lobbed meritless allegations against Defendants, which are now in the public record, and require at least a limited response.

SFR holds itself out to the public as one of the biggest, if not the biggest, roofers in South Florida. SFR, however, does not own a hammer, nails, roofing equipment, or work trucks, and does not even maintain a physical office or supply yard. McGraw sought his fortune by coming to South Florida shortly after Hurricane Irma. McGraw saw an opportunity to make money by building a "boots to ground" sales team to knock on doors and sell roofs via an assignment of benefits ("AOB"). Homeowners would assign their insurance claim to SFR, who upon settlement, would hire a subcontractor to replace the homeowner's roof. SFR is really a marketing company and was enormously successful in its efforts.

SFR utilized Elite Claims Consultants (hereinafter "Elite"), a public adjusting company, to service SFR's claims. After SFR's sales representative obtained a signed AOB from the insured, Elite would prepare an estimate and

handle the adjustment of the claim. In the vast majority of cases, Elite created the estimate at least a day after the AOB was signed. Elite would then send the AOB and estimate together to the insurance company in the same email within three (3) business days of the AOB's execution date.

Defendant, ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A. (hereinafter "Elevate Legal Services"), is a law firm that was built to handle large volume litigation, with years of experience dealing with these types of companies. On February 4, 2019, SFR signed a retainer with Defendant, which states that Defendant is entitled to a charging/ retaining lien if discharged as counsel.

On July 1, 2019, the Florida Legislature enacted Florida Statute 627.7152, a statute aimed at reforming Assignments of Benefits. Importantly, the statute requires an AOB to contain an itemized estimate. There was significant subsequent litigation over the issue of the meaning of the word 'contain' in this statute. Elevate Legal Services took on this argument and prevailed before Chief Judge Michael McHugh in Lee County, Florida. Because Elevate Legal Services won the argument deeming SFR's AOB to be valid, it resulted in SFR recovering millions of dollars in settlements. In fact, most judges in Lee, Collier and Sarasota Counties were persuaded by Judge McHugh's order and ruled consistently with same in SFR's favor.

On June 15, 2022, the Fourth District Court of Appeal issued its opinion in *Kivovitz. The Kidwell Group, LLC d/b/a Air Quality Assessors of Florida a/a/o Ben Kivovitz v. United Property & Casualty Insurance Company*, 343 So. 3d 97 (Fla. 4th DCA 2022). This ruling essentially declared SFR's AOB invalid because SFR, through Elite, had never produced the estimate to the insured at the time the insured signed the AOB. The parties in this lawsuit were not involved with and had no connection to *Kivovitz*. Of note, SFR's AOB was drafted by its corporate counsel. The *Kivovitz* decision affected every single case with an AOB dated after July 1, 2019, which was the majority of SFR cases. Following the decision, many of SFR's files needed to be dismissed or converted to direct representation matters to avoid 57.105 sanctions and entitlements to fees following orders on motions to dismiss and summary judgment motions. Defendants did not dismiss any cases without Ricky McGraw's express written consent.

In January 2023, Elevate Legal Services was purportedly terminated as counsel. At that time, Elevate Legal Services was handling approximately 386 non-settled cases for SFR, and Elevate Legal Services held charging and retaining liens valued at approximately $1,000,000. Plaintiff's Complaint essentially requests this Court to make a sweeping determination in these 386 cases that Elevate Legal Services was *discharged for cause*, without pointing to any specific alleged misconduct in the handling of a single specific case, and

that Elevate Legal Services' charging liens in all of these cases are invalid. Plaintiff's Complaint further requests that this Court make a determination that Defendants committed legal malpractice and breached their fiduciary duties in the handling of these cases, again without pointing to a single specific case to show any specific allegedly "wrong act" or any specific resulting damage to SFR's underlying claims. These types of vague and conclusory allegations cannot sustain an action in this Court, and Plaintiff's Complaint must be dismissed.

## **PLAINTIFF'S CLAIMS**

1. Plaintiff, SFR SERVICES, LLC, filed this Complaint in the United States District Court, Southern District of Florida, West Palm Beach Division, on July 25, 2023. [D.E. 1].

2. Plaintiff's Complaint brings a prayer for declaratory relief, and claims of legal malpractice and breach of fiduciary duty. [D.E. 1 at ¶¶ 62 – 96].

3. SFR and Defendant, ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A., entered into a Retainer Agreement for legal services on February 4, 2019. [D.E. 1 at ¶ 32].

4. The Retainer Agreement between SFR and Elevate Legal Services was a contingency fee contract. [D.E. 1 at ¶ 33].

5. Elevate Legal Services prosecuted thousands of files related to first-party property damage claims on behalf of SFR. [D.E. 1 at ¶ 35].

5

6. Following the decision of the Fourth District Court of Appeal in *Kivovitz* on June 15, 2022, which had a wide sweeping impact on all first-party property damage claims based on Assignments of Benefits in Florida, the relationship between SFR and Elevate Legal Services began to deteriorate. [D.E. 1 at ¶ 41].

7. This resulted in SFR terminating Elevate Legal Services as counsel in January of 2023 on select cases. [D.E. 1 at ¶¶ 49 – 52].

8. Elevate Legal Services filed charging liens in the SFR cases from which they had been terminated as counsel. [D.E. 1 at ¶ 54].

9. Plaintiff groups the allegations brought in this case using such terms as "[i]n many of the matters[,]" "hundreds of lawsuits[,]" and "voluminous matters." [D.E. 1 at ¶¶ 57, 61].

10. Plaintiff attempts to bring claims of legal malpractice without specifically identifying a single matter that Elevate Legal Services allegedly handled in a careless or mistaken manner.

11. Plaintiff seeks declaratory relief in the form of a determination from this Court that Elevate Legal Services was terminated for cause and is therefore not entitled to payment of attorneys' fees in "(i) forthcoming case resolutions; and (ii) settlement proceeds not yet disbursed on matters resolved prior to or after" Elevate Legal Services termination. [D.E. 1 at ¶ 65].

12. Again, Plaintiff does not specify what cases this ruling might impact, and improperly seeks an advisory opinion from this Court.

13. Plaintiff also seeks declaratory relief in the form of a determination that "the damages the law firm caused exceed any alleged entitlement to attorneys' fees related to settled matters where the proceeds have not yet been disbursed[,]" again without specifically identifying a single matter. [D.E. 1 at pg. 15]. An obviously impossible task that is illustrative of the lack of specificity and carelessness with which Plaintiff has brought these allegations.

14. Plaintiff seeks declaratory relief against Elevate Legal Services (Count I), and brings claims of legal malpractice (Count II) and breach of fiduciary duty (Count III) against "all Defendants[.]"

15. Plaintiff's claim for declaratory relief (Count I) must be dismissed as it improperly seeks an advisory opinion from this Court and asks this Court to impermissibly interfere with actions that are properly before the state courts.

16. Plaintiff's claims of legal malpractice (Count II) and breach of fiduciary duty (Count III) must be dismissed as impermissible shotgun pleadings that fail to provide Defendants with adequate notice of the claims brought against them in order to formulate a response.

17. For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief can be granted, necessitating dismissal.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

### II. Plaintiff's claim for declaratory relief attempts to impermissibly interfere with state court proceedings

Count I of Plaintiff's Complaint seeks declaratory relief in the form of a determination that Plaintiff terminated Elevate Legal Services for cause, and therefore Elevate Legal Services is not entitled to payment of attorneys' fees in the numerous currently pending state court actions in which they have filed charging liens. Plaintiff improperly seeks an advisory opinion of this Court, and requests this Court to impermissibly interfere with state court matters, necessitating dismissal of this claim.

It is well established, under Florida law, that an attorney's charging lien in a case should be enforced in the proceeding where the fee entitlement arose. *CK Regalia, LLC v. Thornton*, 159 So.3d 358, 360 (Fla. 3d DCA 2015) ("the case law has consistently held that the proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending"); *Sattiewhite v. Kula & Samson, LLP*, 12-24178-CIV, 2013 WL 12091097, at *2 (S.D. Fla. July 23, 2013) (dismissing intervenor's action for breach of charging lien where lien arose in different case); *In re Warner's Estate*, 35 So. 2d 296, 299 (Fla. 1948); *Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986).

In *Thornton*, Plaintiffs discharged their former counsel, Do Campo & Thornton, P.A., after entering into contingency fee agreements in multiple claims relating to the development of a luxury condominium project. *Thornton*, 159 So.3d at 359. Do Campo & Thornton, P.A. filed a notice of charging lien in

9

the pending case that had been taken over by new counsel. *Id.* Plaintiffs responded by filing a separate lawsuit seeking declaratory relief in the form of a determination that the charging lien was unenforceable. *Id.* The trial court granted defendants' motion to dismiss this separate suit with prejudice. *Id.* The Third District Court of Appeals affirmed this decision, stating first that Plaintiffs' declaratory action "seeks nothing more than an advisory opinion" because the "charging lien is not ripe," and further stated the "proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending." *Id.*

Count I of Plaintiff's Complaint should be dismissed for these same reasons. Plaintiff has brought a declaratory action seeking relief on what Plaintiff admits to be a "live controversy," in numerous cases currently pending in the state courts. [D.E. 1 at ¶ 63]. Plaintiff is seeking an advisory opinion in all cases in which Elevate Legal Services has filed charging liens. This claim must be dismissed because the charging liens in these cases are not ripe, and therefore Plaintiff improperly seeks an advisory opinion, and the issues of "validity, enforceability and amount" of those charging liens are within in discretion of the judge presiding over those actions.

While *Thornton* involves a situation where an issue over enforcement of a charging lien filed in a state court is improperly brought in a separate state court action, the fact that Plaintiff has brought this claim in federal court only

10

weakens Plaintiff's position, as it implicates the *Younger* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). This doctrine is founded in the concepts of federalism, with goals to prevent "federal courts from being the grand overseers of state courts and court-like administration." *Stringfellow v. Carpenter*, 5:23-CV-306-TJC-PRL, 2023 WL 3791471, at *2 (M.D. Fla. June 2, 2023) (quoting *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004)).

The *Younger* doctrine instructs district courts to "refrain from enjoining state court proceedings except under special circumstances" not applicable here. *Old Republic Union Ins. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). As the Supreme Court explained in *Samuels*, a declaratory judgment from a federal court has essentially the same effect on the state court as an injunction. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971). This is for either of two reasons: first, because the Declaratory Judgment Act allows the district court to enforce a declaratory judgment by granting '[f]urther necessary or proper relief' which may include the issuance of a subsequent injunction, and second because the declaratory relief alone has virtually the same impact as res judicate. *Id.* (citing 28 U.S.C. § 2283; *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 246 (1952)).

An example may further assist in illustrating this point. Elevate Legal Services litigated the underlying case in *SFR (Carbonara)* for roughly two years. That case went to trial and resulted in a hung jury before the judge granted defendant, Tower Hill Prime Insurance Company's, motion for directed verdict. On appeal to the Sixth District Court of Appeal of Florida, the directed verdict for defendant was reversed and the case was remanded for further proceedings. *SFR Services, LLC v. Tower Hill Prime Ins. Co.*, 364 So. 3d 1121, 1123 (Fla. App. 6 Dist. 2023). Do Plaintiff's claims somehow include an allegation that this matter was mishandled? If so, in what way? Defendants conservatively estimate fees over $90,000.00 associated with their representation of SFR in this matter. Yet, SFR is attempting to wipe out Defendants' fee entitlement to this case and their entitlement to hundreds of other similar fee claims in one fail swoop without examining the particulars of each case and without any specific allegations of fact.

There is no doubt that Plaintiff's purpose in seeking declaratory relief is to improperly take away the ability of the state courts to determine the resolution of Elevate Legal Services' charging liens. The judges who have presided over the matters in which these liens are filed possess the most knowledge regarding these issues, and "there is no reason whatsoever why they should be relegated to another forum to settle the controversy." *In re*

*Warner's Estate*, 35 So.2d at 464. Therefore, Plaintiff's claim for declaratory relief should be dismissed <u>with prejudice</u>.

### III. Plaintiff's claims of legal malpractice and breach of fiduciary duty are improper shotgun pleadings, necessitating dismissal

Under Fed. R. Civ. P 8(a)(2), a complaint must contain "a short and plain statement of the claim." Fed. R. Civ. P 10(b) requires parties to "state [their] claims or defenses in numbered paragraphs, each limited as far as practicable, to a single set of circumstances." Complaints which do not adhere to these rules are "impermissible shotgun pleading[s]." *Kendall v. Bos. Sci. Corp.*, No. 617CV1888ORL37GJK, 2017 WL 6042020, at *1 (M.D. Fla. Dec. 6, 2017). The Eleventh Circuit has, on multiple occasions, condemned the use of shotgun pleadings and confirmed dismissals on this basis. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."); *Arrington v. Green*, 757 Fed.Appx. 796, 798 (11th Cir. 2018) (affirming dismissal of pro-se plaintiff's amended complaint as an impermissible shotgun pleading). The "self-evident" purpose of the rule against shotgun pleading is "to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame

13

a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

There are four rough categories of shotgun pleadings, all of which are impermissible under the Rules of Civil Procedure. *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). The Eleventh Circuit, in *Weiland*, identified these categories as:

> The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.* (internal citations omitted). Counts II and III of Plaintiff's Complaint fall under categories three and four.

Shotgun pleadings, under the third category, fail to separate causes of action or claims for relief into different counts. Count II of Plaintiff's Complaint brings claims of legal malpractice. In order to succeed on a claim of legal malpractice, under Florida law, plaintiffs must demonstrate three elements: 1) the attorney's employment, 2) the attorney's negligence, and 3) proximate

14

cause. *Law Office of David J. Stern, P.A. v. Sec. Nat. Servicing Corp.*, 969 So. 2d 962, 966 (Fla. 2007) (citing *Kates v. Robinson*, 786 So.2d 61, 64 (Fla. 4th DCA 2001)). Plaintiff's claims arise out of Elevate Legal Services' representation in "hundreds of lawsuits[.]" [D.E. 1 at ¶ 61]. "To be liable for malpractice arising out of litigation, the attorney must be the proximate cause of the adverse outcome of the underlying action which results in damage to the client." *Olmsted v. Emmanuel*, 783 So. 2d 1122, 1125 (Fla. 1st DCA 2001) (citing *Silvestrone v. Edell*, 721 So.2d 1173, 1175 (Fla.1998)). "Thus, in a case such as this, the plaintiff has to prove that he 'would have prevailed on the underlying action but for the attorney's negligence.'" *Id.* (citing *Tarleton v. Arnstein & Lehr*, 719 So.2d 325, 328 (Fla. 4th DCA 1998)). Similarly, to prove claims of breach of fiduciary duty, plaintiffs must demonstrate: 1) the existence of a duty, 2) breach, and 3) proximate cause of damages flowing from that breach. *See e.g. Brouwer v. Wyndham Vacation Resorts*, Inc., 336 So. 3d 372, 373 (Fla. 5th DCA 2022).

Here, SFR brings claims arising out of "hundreds of matters" in a single Complaint. [D.E. 1 at ¶¶ 46, 52, 61, 76, 88]. As discussed above, at the time of Elevate Legal Services discharge, there were roughly 386 active cases with SFR. In order to prove these claims, SFR will need to demonstrate that Defendants were negligent or breached their fiduciary duties <u>and</u> that this negligence or breach was the proximate cause of actual damages, meaning that

15

Plaintiff must prove that they would have prevailed on the underlying action. *Olmsted*, 783 So. 2d at 1125. This requires an examination of the outcome of each of these matters individually, and SFR has failed to specifically identify even a single case that they allege Defendants mishandled, resulting in damages.

Plaintiff requests this Court to make a broad-stroke determination that roughly 386 cases, containing varying facts and circumstances, were improperly handled. Defendants cannot adequately defend themselves against these vague and conclusory allegations. Plaintiff's failure to separate out these claims into separate causes of action with the requisite level of specificity to allow Defendants to adequately respond constitutes a failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 10(b), necessitating dismissal.

Counts II and III of Plaintiff's Complaint must also be dismissed under the fourth category, where a pleading fails to specify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325. Counts II and III of Plaintiff's Complaint are brought "against all defendants[.]" Plaintiff attempts to bring claims of legal malpractice and breach of fiduciary duty against Defendants, JAY ARNESEN and PARIS WEBB, in an individual capacity. Partners of a PLLC are not personally liable for the acts of the company merely

16

by virtue of their status as partners, but rather they are liable "only for their own negligent or wrongful acts." Fla. Stat. § 621.07. Again, these claims attempt to lump together approximately 386 cases all with unique facts and circumstances into a single claim against multiple defendants. It is impossible for Defendants to discern, from the allegations of the Complaint, which cases Plaintiff is alleging were mishandled, by whom, and in what way. Plaintiff's claims clearly lack the type of specificity required by rules 8, 10, and 12 of the Federal Rules of Civil Procedure, necessitating dismissal.

## **CONCLUSION**

For the reasons set forth above, Defendants, ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A., JAY ARNESEN, and PARIS WEBB, ask the Court to grant this Motion to Dismiss Plaintiff's Complaint.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court on August 23, 2023, which sent e-mail notifications of such filing to all CM/ECF participants.

/s/ *Lee Delton Gunn V*
Frank H. Gassler, Esquire
Florida Bar No: 218677
Email: service-fgassler@bankerlopez.com
L. Delton Gunn V, Esquire
Florida Bar No.: 1038889
Email: service-dgunn@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
(813) 221-1500
Fax No: (813) 222-3066
*Attorneys for Defendants, ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A., JAY ARNESEN, and PARIS WEBB*