UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-81079-RLR

SFR SERVICES LLC,

                Plaintiff,

vs.

ARNESEN WEBB, PLLC,
JAY ARNESEN, and
PARIS WEBB,

                Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT [ECF No. 11]

Defendants Arnesen Webb, PLLC ("Arnesen Webb"), Jay Arnesen, and Paris Webb (collectively "Defendants") move to dismiss the three-count Complaint for failure to state a claim upon which relief can be granted. ECF No. 11.

Arnesen Webb is a law firm. The individual defendants are the principals of Arnesen Webb. SFR was the assignee of first-party homeowners insurance claims. Between February 2019 and January 2023, Arnesen Webb represented SFR in thousands of first-party property damage claims, pursuant to a written retainer agreement. ECF No. 1 ¶35. In January 2023, SFR discharged Arnesen Webb as its lawyers. *Id.* at ¶49; ECF No. 24-2. Arnesen Webb filed charging liens in the then-pending cases. ECF No. 1 ¶54.

SFR sued the Defendants in a three-count complaint. Count I is against only Arnesen Webb; it asks for a declaration that Arnesen Webb is not entitled to fees in certain pending cases. Count II claims that all three defendants committed legal malpractice. Count III alleges that all three defendants breached fiduciary duties to SFR.

Defendants move to dismiss all three counts. ECF No. 11. They say Count I seeks an advisory opinion on the validity of charging liens that are not yet ripe because they relate to pending state court cases. Defendants also say that *Younger* abstention applies and this Court should let the state court decide the validity, enforceability, and amount of any charging liens. Defendants say Counts II and III are shotgun pleadings because (1) they combine multiple separate causes of action into single counts, in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b), and (2) they do not specify which defendant is responsible for which acts or omissions.

SFR responds that this Court should not dismiss Count I because it was filed before any state court litigation over the charging liens. ECF No. 21. It says Counts II and III are not shotgun pleadings because, "Defendants' alleged negligence and breach of fiduciary duty do not require an analysis of facts and circumstances that occurred in each individual dismissed case." *Id.* at 17. It also says that Counts II and III sufficiently allege how the respective defendants are liable. *Id.* at 18.

*Count I*

Count I asks for "a determination from this Court that SFR terminated Arnesen Webb for cause [and] a determination that the parties' Retainer Agreement

2

does not entitle the law firm to the payment of attorneys' fees related to (i) forthcoming case resolutions; and (ii) settlement proceeds not yet disbursed on matters resolved prior to or after its termination due to the damages caused by the law firm." ECF No. 1 ¶65.

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. §2201. "[A] declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011) (J. Marra).

The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), *cited in MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007). That discretion is "exceptionally broad." *Otwell v. Alabama Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014). The Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant. When all is said and done, . . . 'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (citations omitted). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action

seeking declaratory judgment before trial or after all arguments have drawn to a close." *Id.* at 288.

Rule 12(b)(6) has a limited focus when a party is seeking declaratory relief. "The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Chisholm Properties S. Beach, Inc. v. Arch Specialty Ins. Co.*, No. 21-CV-22960, 2022 WL 356452, at *4 (S.D. Fla. Feb. 7, 2022) (J. Bloom) (citing *Schwab v. Hites*, 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012)). "A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor." *Royal Selections, Inc. v. Fla. Dep't of Rev.*, 687 So. 2d 893, 894 (Fla. 4th DCA 1997), *cited in Evanston Ins. Co. v. Campany Roof Maint. Roofing Div., LLC*, No. 19-CV-80622, 2019 WL 7881630, at *2 (S.D. Fla. Oct. 25, 2019) (J. Middlebrooks).

As Judge Marra explained in dismissing the declaratory judgment count in *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213 (S.D. Fla. 2009):

> The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." *See* 10B C. Wright & A. Miller, *Federal Practice & Procedure*, Civil 3d § 2751 (2004). Similarly, other courts have held that "declaratory judgment is inappropriate solely to adjudicate past conduct." *Gruntal & Co. v. Steinberg,* 837 F. Supp. 85, 89 (D.N.J.1993); *see also Beazer Homes Corp. v. VMIF/Anden Southbridge Venture, LPI,* 235 F.Supp.2d 485, 494 (E.D.Va.2002) (a declaration that involves the adjudication of past conduct serves no useful purpose); *Hoagy Wrecker Serv., Inc. v. City of Fort Wayne,* 776 F.Supp. 1350, 1358 (N.D.Ind.1991)

4

> (the Declaratory Judgment Act was designed to prevent the accrual of avoidable damages, not those damages which had already occurred).
>
> [Plaintiff's] Declaratory Judgment Act claim asks for this Court to make factual determinations regarding possible breaches of contract and tortious acts that [Defendant] is alleged to have committed in the past. There is no demand for relief that seeks a purely legal ruling, such as a request to resolve differences in the interpretation of specific language in an agreement. Nor does the requested relief seek a result that would lead to a change in conduct by either party in order to conform their behavior to the law or to minimize the danger of future monetary loss by the parties.
>
> Thus, in order to render a declaratory judgment, the Court would need to make various factual determinations regarding the past conduct of the parties. However, questions regarding whether torts have been committed or a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act. Indeed, the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies prior to a legal breach of duty or contract. *See e.g., Keener Oil & Gas Co. v. Consolidated Gas Utilities Corp.,* 190 F.2d 985, 989 (10th Cir.1951) ("a party to a contract is not compelled to wait until he has committed an act which the other party asserts will constitute a breach, but may seek relief by declaratory judgment and have the controversy adjudicated in order that he may avoid the risk of damages or other untoward consequences."). Here, the Court concludes that [Plaintiff] has failed to allege sufficiently a basis upon which declaratory relief would be appropriate. Therefore, the Court finds that declaratory relief is inappropriate and grants Defendant's motion to dismiss this claim.

*Id.* at 1230–31.

Here, SFR is not entitled to a declaration of its rights because adjudicating those alleged rights requires factual determinations that are inappropriate in a declaratory judgment action. SFR asks the Court to declare whether Arnesen Webb was terminated for cause. Resolving that question necessarily requires the Court to evaluate historical facts. Similarly, SFR asks the Court to declare that Arnesen Webb

5

cannot recover fees in pending cases "due to the damages caused by the law firm." Whether, and to what extent, SFR was damaged is a disputed historical fact.

Count I should be dismissed with prejudice.

*Counts II and III*

Counts II and III are shotgun pleadings. A shotgun pleading is a complaint that "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has repeatedly instructed lower courts to dismiss shotgun pleadings. *See Jackson v. Bank of America*, 898 F.3d 1348, 1357 (11th Cir. 2018); *see also, e.g., Byrne v. Nezha*t, 261 F.3d 1075, 1133 (11th Cir. 2001) (Court must *sua sponte* strike shotgun pleading). "[T]he Court cannot be forced to speculate on what someone is complaining about." *Shillingford v. Rolly Marine Serv., Inc.,* No. 14-CIV-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014) (J. Bloom) (citation omitted). The court cannot simply "fill in the blanks" to state a claim, and "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Id.* (citations omitted); *Richardson v. Route 1, Inc.*, No. 8:12-CV-2888-T-33TBM, 2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013) ("This Court is not duty-bound to scrutinize [plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support.").

Under Florida law, the elements of a cause of action for breach of fiduciary duty are: 1) existence of a fiduciary duty; 2) a breach of that duty; and 3) damage

6

proximately caused by that duty. *Brouwer v. Wyndham Vacation Resorts, Inc.*, 336 So. 3d 372, 373 (Fla. 5th DCA 2022).

A cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of loss to the client. *R.S.B. Ventures, Inc. v. Berlowitz*, 211 So. 3d 259, 263 (Fla. 4th DCA 2017). A legal malpractice claim accrues when the underlying litigation is concluded by final judgment. *Silvestrone v. Edell*, 721 So. 2d 1173, 1175 (Fla. 1998). If there is underlying judicial proceeding, the legal malpractice claim accrues when the client's right to sue in a related or underlying proceeding expires. *Glucksman v. Persol N. Am., Inc.*, 813 So. 2d 122, 124 (Fla. 4th DCA 2002).

SFR's Complaint commits "the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. Counts II and III each allege, in a single count, that Defendants committed legal malpractice and breached their fiduciary duties in hundreds of cases, some closed and some still pending. I recognize that SFR says the acts of malpractice and breach of duty were the same in every case. But, even if the same evidence will be used in every case to show that Defendants breached duties owed to SFR, each case nevertheless is a separate cause of action because there must be an individualized determination (1) whether damages exist, (2) if so, the amount of any damages, and (3) whether the alleged malpractice was the proximate cause of those damages. Also, Counts II and III reference

"Defendants" without distinguishing which defendant performed what acts. The Complaint is a shotgun pleading for that reason, too.

For all these reasons, Counts II and III should be dismissed without prejudice as a shotgun pleading and SFR should be given one last chance to file a proper complaint. *See Vibe Micro v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss the Complaint.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 16th day of January 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE