UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:23-CV-81079-RLR

SFR SERVICES, LLC,

   Plaintiff

v.

ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A., JAY ARNESEN, and PARIS WEBB,

   Defendants.
_____/

## MOTION FOR RULE 11 SANCTIONS

Defendants ARNESEN WEBB, PLLC d/b/a ELEVATE LEGAL SERVICES, PLLC f/k/a ARNESEN WEBB, P.A., JAY ARNESEN, and PARIS WEBB, (jointly "Law Firm"), through undersigned counsel, file their Motion Rule 11 Sanctions against Plaintiff SFR Services, LLC, (SFR Services"), its lawyer Joshua Alper, Esq., and the law firm Shapiro Blasi Wasserman & Hermann, PA (jointly SFR Lawyers") and state:

1. <u>Summary of Motion</u>: After end of the safe harbor period, SFR Services and SFR Lawyers continue to maintain factually untenable claims violating Federal Rule of Civil Procedure 11's requirements. SFR Services and SFR Lawyers assert false claims in the Amended Complaint [DE 47] ("Amended Complaint"), and after having been presented with evidence refuting the allegations, continue to assert these unsupported positions. For SFR Services and SFR Lawyers to maintain these factually unsupported allegations belie the true improper purpose of the SFR

Case No. 9:23-CV-81079-RLR
*Motion For Rule 11 Sanctions-Antonijevic*

Services' legal proceeding: to professionally embarrass Law Firm and to gain improper leverage in negotiating their retaining and charging liens. As most recently cited in *Trump v. Clinton*, 640 F. Supp. 3d 1321, 1326 (S.D. Fla. 2022): "Rule 11 sanctions are proper: (1) when a party files a pleading that has no reasonable factual basis; . . . or (3) when the party files a pleading in bad faith for an improper purpose." In this proceeding, SFR Services and SFR Lawyers have no reasonable factual basis to asset the Law Firm did not discuss the impact of dismissing proceedings generally and have no factual basis to claim the Law Firm dismissed the Florida state court legal proceedings in Antonijevic[1] without SFR Services' prior consent.

2. <u>Overview of the History of the Parties</u>: SFR Services is a residential home reconstruction servicer specializing in hurricane recovery roofing issues. Since their written retainer of February 4, 2019, the Law Firm served as SFR Services legal counsel in over one thousand lawsuits arising from SFR Services assignment of benefits claims on behalf of homeowners ("AOB Proceedings"). Despite their shared success, following the change in law triggered by the *Kivovitz*[2] decision, the parties' professional relationship deteriorated, concluded, and a dispute arose between the parties over fees and costs, with the Law Firm placing charging and retaining liens on all pending AOB Proceedings. Before SFR Services began this litigation, the parties unsuccessfully tried to resolve their differences (See, DE 24, DE 26-27, DE.38) Despite their shared common success, SFR Services now accuses the Law Firm of systematically mishandling dozens of AOB Proceedings, committing professional malpractice[3] and breaching their fiduciary duties. These claims are false,

---

[1] *SFR Services LLC, a/a/o Rodoje Antonijevic v. First Protective Insurance Company*, Case No., , ("Antonijevic Matter"),
[2] *The Kidwell Group, LLC d/b/a Air Quality Assessors of Florida a/a/o Ben Kivovitz v. United Property & Casualty Insurance Company*, 343 So.3d 97 (Fla. 4th DCA 2022). ("*Kivovitz*")
[3] Given the *gravitas* of this motion, this Court most note how SFR Services and SFR Lawyers previously alleged the Law Firm dismissed "hundreds of lawsuits" without SFR Services knowledge or consent **ten** times in its Complaint [DE 1, ¶¶ 1, 10, 12, E, 46, 52, 60(a), 76 (twice),

contradicted by email communications directed to SFR Services' principal, Ricky McGraw ("Mr. McGraw") warning of the upcoming change in the law, advising of *Kivovitz'* impact and seeking and obtaining consent before dismissal of each action.

3. <u>The Rule 11 Standard</u>:  As recently cited in *Trump v. Clinton*, 640 F. Supp. 3d 1321, 1326 (S.D. Fla. 2022): "Rule 11 sanctions are proper: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)); see also, *Lee v. Mid–State Land & Timber Co.*, 285 Fed.Appx. 601, 608 (11th Cir.2008) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996)). The court "must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." Id. (citing *Worldwide Primates, Inc*., 87 F.3d at 1254).

4. <u>The Generalized Claim of a Pattern of Dismissals Without Explaining the Ramification is False</u>: SFR Services and SFR Lawyers allege in the Amended Complaint [DE 47, ¶44): "Remarkably, Arnesen Webb dismissed SFR's lawsuits in bulk without explaining to SFR the full ramifications of these actions." This statement is without factual support.

• On April 26, 2022, before the *Kivovitz* decision, in an email entitled "Obstacles Going Forward", Paris Webb, Esq., discussed the pending change in law and advised SFR Services' principal Ricky McGraw that one of the options SFR Services possessed was to

---

and 88] and accused the Law Firm of endorsing checks made payable to SFR Services without remitting SFR Services' costs. [DE 1, ¶ 15]. SFR Services and SFR Lawyers previously made unsupported claims, abandoned those claims, yet still maintain frivolous, unsupported allegations.

voluntarily dismiss the proceedings, but that there would be exposure to costs. Mr. Webb explained: "Our experience in pre-trial dismissals shows defense firms being paid $3,500 - $8,500 per file" [Ex. A]

- On July 7, 2022, following the *Kivovich* decision, Mr. Graw's other counsel, Melissa Giasi, Esq,, wrote Mr. Webb and copied Mr. McGraw and confirmed her recommended strategy to SFR Services, again acknowledging SFR Services was aware of the ramifications of dismissal and working on a strategy: "I am leaning towards recommending analyzing those one at a time and, where appropriate, dismiss without prejudice to avoid liability under any proposals for settlement. There would still be liability for taxable costs, however." [Ex. B]

- On August 29, 2022, Mr. McGraw forwarded to the Law Firm the Statewide Uniform Taxation of Costs Guidelines, confirming SFR Services knew the formula for the taxation of costs. [Ex. C]

Omitted from this motion are over a dozen similar emails discussing the taxation of costs following dismissal of AOB claims. Any allegation that the Law Firm did not fully explain to SFR Services the full ramifications of dismissing these cases, or that SFR Services was unaware of the ramification of dismissal, is frivolous.

5. <u>Legal Malpractice Claim in Count III Factually False Premise</u>: The Amended Complaint, in Count III, [DE 47, ¶¶ 83-95] asserts a claim against the Law Firm for legal malpractice in handling the Antonijevic Matter, and states (verbatim):

> A. Amended Complaint, ¶87: "The decision to dismiss this lawsuit was not discussed with SFR. The decision was part of an overall decision to dismiss SFR's AOB cases in bulk, which was not discussed with SFR either."

B. Amended Complaint, ¶88: "J. Arnesen and P. Webb, acting collectively and in concert, and on behalf of the law firm, never communicated to SFR the ramifications of these actions and the monetary harm to SFR's business that would result from the decisions."

C. Amended Complaint, ¶93: "J. Arnesen, P. Webb, and Arnesen Webb breached their duties to SFR when they collectively decided to dismiss the above matter without discussing it and the ramifications with SFR."

D. Amended Complaint, ¶93: "SFR would never have approved the above decisions."

These statements are without factual support. On August 10, 2022, Paris Webb, Esq. wrote to Mr. McGraw and specifically asked for permission to voluntarily dismiss the matter. Mr. McGraw, on behalf of SFR, responded: "yes". (Ex. D) This email confirms the Law Firm sought SFR's consent to dismiss the Antonijevic Matter; SFR knew of the Law Firm's legal strategy to dismiss the Antonijevic Matter; and SFR Services approved the dismissal. SFR Services' allegations in Count III are factually false, refuted by direct notice provided identified in exhibits A-C, and by the specific request and consent received to dismiss the Antonijevic Matter in Ex D.

6. <u>Breach of Fiduciary Duty Claim in Count IV's Factually False Premise</u>: The Amended Complaint, in Count IV, [DE 47, ¶¶ 96-102] asserts a claim against the Law Firm for breach of fiduciary duty in handling the Antonijevic Matter, and states (verbatim):

A. Amended Complaint, ¶101: "J. Arnesen, P. Webb, and Arnesen Webb breached their duties to SFR when they acted in concert and collectively decided to dismiss the above matter without discussing it and the ramifications with SFR."

    B.  Amended Complaint, ¶101: "SFR would never have approved the above decisions."

These statements are without factual support. On August 10, 2022, Paris Webb, Esq. wrote to Mr. McGraw and specifically asked for permission to voluntarily dismiss the matter. Mr. McGraw, on behalf of SFR Services, responded: "yes". (Ex. D) This email confirms the Law Firm sought SFR's consent to dismiss the Antonijevic Matter, and SFR Services expressly knew and consented to the dismissal.  SFR Services's allegations in Count IV are factually false, refuted by direct notice provided identified in exhibits A-C, and by the specific request and consent received to dismiss the Antonijevic Matter in Ex D.

    7.  <u>Rule 11 Violation Established and Rule 11 Sanctions Appropriate</u>:

> A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel should have been aware that they were frivolous*." Adams v. Austal, U.S.A., L.L.C.,* 503 F. App'x 699, 703 (11th Cir. 2013) (quoting *Jones*, 49 F.3d at 695). To decide whether a claim is objectively frivolous, the Court must "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1255 (11th Cir. 2003)
> *X-Ray Diagnostic and Ultrasound Consultants Limited v. General Electric Company*, 2023 WL 9117267, *3 (S.D.Fla. 2023)

SFR Services and SFR Lawyers' claims are objectively frivolous. There are emails from the Law Firm to SFR Services advising SFR Services of the dismissal option and the general range of costs for dismissal. This email alone refutes the allegations that the Law Firm did not notify SFR Services of the need to dismiss files. Following *Kivovitz*; there are emails confirming the strategy to consider dismissing the cases after review of each matter, refuting the allegations that SFR Services was unaware of this strategy. SFR Services even knew the formula for the calculation of costs. The allegation that the Antonijevic Matter was dismissed without providing notice and

6

GRUMER LAW, P.A.
2482 Eagle Watch Court, Weston, Florida 33327; Tel: (954) 303-3000
Email: eservice@grumerlaw.com; kgrumer@grumerlaw.com

*Case No. 9:23-CV-81079-RLR*
*Motion For Rule 11 Sanctions-Antonijevic*

seeking SFR Service's consent is also false. The email exchange (Ex. D) confirms the Law Firm obtained SFR Service's consent prior to the Antonijevic Matter's dismissal. SFR Lawyers knew the claims were frivolous: the Law Firm, provided the emails confirming the frivolity of the claims prior to issuing the Rule 11 Safe Harbor letter in its Requests for Admission. SFR Services and SFR Lawyers failed to dismiss the claims during the safe harbor demand period. The Rule 11 violation of filing pleadings without evidentiary support is objectively established, and SFR Services and the SFR Lawyers continued to maintain the frivolous claims after being notified of their falsity.

8. <u>Safe Harbor Notice Provided</u>: Rule 11 requires the Law Firm to provide twenty-one-day notice to SFR Services and SFR Lawyers, to allow withdrawal of the offending claims. The notice was provided (Ex. E) on March 20, 2024, and SFR Services and SFR Lawyers failed to withdraw the Antonijevic Matter allegations.

Wherefore, the Law Firm requests this Court find the allegations made in the Amended Complaint were without factual support, that even after receiving notice and an opportunity to withdraw the offending pleadings, SFR Services and SFR Attorneys failed to do so, impose sanctions upon SFR Services and SFR Attorneys for willful violations of Rule 11 including Court costs and attorney's fees, strike the offensive pleadings, and grant all further relief as this Court considers appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 18, 2024 a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive electronic notifications in this matter.

7

GRUMER LAW, P.A.
2482 Eagle Watch Court, Weston, Florida 33327; Tel: (954) 303-3000
Email: eservice@grumerlaw.com; kgrumer@grumerlaw.com

*Case No. 9:23-CV-81079-RLR*
*Motion For Rule 11 Sanctions-Antonijevic*

/s/ *Keith T. Grumer*
KEITH T. GRUMER, ESQ.
Florida Bar No. 504416
GRUMER LAW, P.A.
*Co-Counsel for Defendants*
2482 Eagle Watch Court
Weston, Florida 33327
Tel: 954-303-3000
Primary E-mail: kgrumer@grumerlaw.com
Secondary E-mail: slopez@grumerlaw.com
eservice@grumerlaw.com